# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ANDRE JOHNSON (#375946)**                       **CIVIL ACTION NO.**

**VERSUS**                                                      **21-71-JWD-EWD**

**KENNY JACKSON, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 31, 2022.

                                                          **ERIN WILDER-DOOMES**
                                                          **UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ANDRE JOHNSON (#375946) | CIVIL ACTION NO. |
| VERSUS | 21-71-JWD-EWD |
| KENNY JACKSON, ET AL. | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Amended Complaint[1] of Andre Johnson ("Plaintiff"), who is representing himself and who is currently incarcerated at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana. Pursuant to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, it is recommended that Plaintiff's federal claims be dismissed for failure to state a claim and that this Court decline to exercise supplemental jurisdiction over any state law claims, such that all claims in this matter are dismissed.

**I.     Background**

Plaintiff brought this suit against Kenny Jackson, James M. LeBlanc, Joseph F.G. Lamartiniere, James Cruze, and Paul Smith (collectively "Defendants") under 42 U.S.C. § 1983. Plaintiff alleges that Jackson violated his constitutional rights by filing a false disciplinary report against Plaintiff with retaliatory intent, and that all Defendants failed to provide Plaintiff with due process in the related disciplinary proceedings.[2] He seeks injunctive and monetary relief.[3]

---

[1] R. Doc. 10. Because Plaintiff is representing himself, he was given an opportunity to amend his Complaint before this Report and Recommendation was issued. R. Doc. 7. *See Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed.Appx. 625, 627 (5th Cir. 2017) (*pro se* litigants should ordinarily be offered an opportunity to amend prior to dismissal). Despite the amendment (R. Doc. 10), Plaintiff has still failed to provide facts to support his claims, as explained below.
[2] R. Doc. 10, pp. 4-6.
[3] R. Doc. 10, p. 7.

## II.  Law & Analysis

### A. Standard of Review

This Court is authorized to dismiss an action by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[4] The statutes impose similar standards for dismissal and are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact. Dismissal may be made before service of process or before any defendant has answered if the court determines that the claim or action does not survive screening.

To determine whether a complaint fails to state a claim under §§ 1915(e) and 1915A, courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[5] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[6] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7] All well-pleaded facts are accepted as true and viewed in the light most favorable to the plaintiff.[8] A claim is also subject to

---

[4] §1915(e) provides for dismissal of lawsuits that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"); §1915A provides for dismissal of lawsuits by prisoners against a governmental entity or employee of a governmental entity that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff. Plaintiff was granted permission to proceed *in forma pauperis* on March 10, 2021, so both statutes apply. R. Doc. 6.
[5] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).
[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[7] *Id.*
[8] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

2

dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[9]

### B. Plaintiff Cannot State a Claim Regarding Issuance of the False Disciplinary Report

The law is clear that the issuance of one or more false disciplinary reports, even when the report results in punishment, is not a constitutional violation.[10]  Moreover, the procedures governing prison disciplinary proceedings do not implicate any constitutionally protected liberty interest unless the resulting punishment has subjected an inmate to an unusual and significant deprivation (evaluated in the context of prison life).[11]

Plaintiff alleges that on January 28, 2020, he was issued the first of two false disciplinary reports—the first report was allegedly issued by Austin Calvert ("Calvert"), and Calvert reported discovering two "ice pick type weapons" in Plaintiff's cell.[12]  That disciplinary report was dismissed, apparently without punishment.[13]  The second disciplinary report was issued on January 31, 2020 by Kenny Jackson ("Jackson").[14]  Plaintiff alleges he was not "given advance written notice of his charge before the hearing," and that this failure violated due process.[15]  Plaintiff also

---

[9] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[10] *See Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984).
[11] *Sandin v. Conner*, 515 U.S. 472, 486 (1995).  An inmate does not have a constitutional right to have his prison disciplinary or administrative proceedings properly investigated, handled, or favorably resolved (*Mahogany v. Miller*, 252 Fed.Appx. 593, 595 (5th Cir. 2007)), and there is no procedural due process right inherent in such a claim.  The Fifth Circuit has made clear that inmates have no federally protected liberty interest in having their grievances resolved to their satisfaction, so a related due process claim is not cognizable (*Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005), and this logic and conclusion are equally applicable in the context of prison disciplinary proceedings.  *See, e.g., Sanchez v. Grounds,* 2014 WL 1049164, *2 (E.D. Tex. Mar. 14, 2014) (finding that an inmate's claim regarding a failure to conduct a "proper investigation" of a disciplinary charge "did not amount to a constitutional deprivation"); and *Jackson v. Mizell,* 2009 WL 1792774, *7 n.11 (E.D. La. June 23, 2009) (noting that "the Court fails to see how a prisoner could ever state a cognizable claim alleging an inadequate disciplinary investigation").
[12] R. Doc. 10, p. 5.
[13] R. Doc. 10, p. 5.
[14] R. Doc. 1, p. 4.
[15] R. Doc. 10, pp. 5-6.

alleges he was not allowed to attend the hearing on the disciplinary charge.[16] He does not state what punishment he received as a result of the second disciplinary report.

Despite the opportunity to amend, Plaintiff has still failed to describe what punishment he suffered, if any, as a result of the issuance of the alleged false disciplinary report by Jackson; thus this claim is subject to dismissal pursuant to 28 U.S.C. § 1915(e) and § 1915A.[17] Similarly, to the extent Plaintiff complains that James M. LeBlanc, Paul Smith, James Cruze, and Joseph Lamartiniere failed to review video footage "for exculpatory video evidence" and failed "to correct [the disciplinary charges] on administrative appeal, he fails to state a claim[18] because the mere failure to investigate a disciplinary charge does not amount to a constitutional violation.[19] Additionally, to the extent Plaintiff alleges these supervisory Defendants permitted Jackson to commit constitutional violations, such a claim is not generally cognizable in a § 1983 action.[20]

### C. Plaintiff's Retaliation Claims Fail

Plaintiff also alleges that Jackson drafted the alleged false disciplinary report to violate Plaintiff's First Amendment right of petition "in retaliation for Lt. Austin Calvert."[21] Claims of retaliation by prison inmates are regarded with skepticism, lest the federal courts potentially

---

[16] R. Doc. 10, p. 6.
[17] If the punishment attached to the allegedly false disciplinary report presents an atypical hardship, an inmate-plaintiff may state a claim, but despite the opportunity to amend, Plaintiff has wholly failed to describe what punishment he faced because of the alleged false disciplinary report, if any. *See also Fisher v. Wilson*, 74 Fed.Appx. 301 (5th Cir. 2003) (When a plaintiff fails to allege that placement in administrative segregation presented an atypical or significant hardship beyond the ordinary incidents of prison life, giving rise to a constitutionally protected liberty interest that would trigger due process guarantees, he has failed to state a claim for violation of due process).
[18] R. Doc. 10, pp. 5-6.
[19] *Sanchez,* 2014 WL 1049164, *2 (finding that an inmate's claim regarding a failure to conduct a "proper investigation" of a disciplinary charge "did not amount to a constitutional deprivation"); and *Jackson,* 2009 WL 1792774, *7 n.11 (noting that "the Court fails to see how a prisoner could ever state a cognizable claim alleging an inadequate disciplinary investigation").
[20] *See Iqbal*, 556 U.S. at 676, citing *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978) (an allegation that a named defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior*, *i.e.*, because s/he oversees a particular area of the prison, is insufficient to state a claim under § 1983). *See also Bell v. Livingston*, 356 Fed.Appx. 715, 716-17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability.").
[21] R. Doc. 10, p. 4.

4

embroil themselves in every adverse action that occurs within a penal institution.[22] Accordingly, to prevail on a claim of retaliation, a prisoner must establish (1) that he was exercising or attempting to exercise a specific constitutional right, (2) that the defendant intentionally retaliated against the prisoner for the exercise of that right, (3) that an adverse retaliatory action, greater than *de minimis,* was undertaken against the prisoner by the defendant, and (4) that there was causation, *i.e.,* that "but for" the retaliatory motive, the adverse action would not have occurred.[23]

Plaintiff's conclusory allegations that false disciplinary charges were filed against him with a retaliatory motive is insufficient to state a claim for retaliation.[24] Despite the opportunity to amend,[25] Plaintiff still fails to allege specific facts regarding what right he was attempting to exercise, the previous grievances or lawsuits that allegedly served as the motivation for the retaliatory action, and what punishment resulted from the false disciplinary report. Instead, his claims are entirely conclusory and do not support even an inference of a retaliatory motive on account of any prior grievances or lawsuits.[26] "A prisoner who brings a retaliation claim bears a heavy burden that may not be satisfied with conclusional allegations or his own personal beliefs."[27] Thus, Plaintiff's claims of retaliation fail.

To the extent Plaintiff alleges a conspiracy, those claims also fail. A plaintiff who asserts conspiracy claims under civil rights statutes, such as § 1983, must plead the operative facts upon which his claim is based.[28] "Bald allegations that a conspiracy existed are insufficient."[29] Though

---

[22] *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir. 1995).
[23] *Morris v. Powell,* 449 F.3d 682, 684 (5th Cir. 2006). *See also Hart v. Hairston,* 343 F.3d 762, 764 (5th Cir. 2003); *Jones v. Greninger,* 188 F.3d 322, 324–25 (5th Cir. 1999).
[24] *Williams v. Dretke,* 306 Fed.Appx. 164, 167 (5th Cir. 2009) (affirming dismissal of retaliation claims where the plaintiff failed to provide specific facts about the previous actions that were the alleged motivation for retaliation).
[25] R. Docs. 7 & 10.
[26] *Williams*, 306 Fed.Appx. at 167.
[27] *Id.*, citing *Jones*, 188 F.3d at 324-25.
[28] *Lynch v. Cannatella,* 810 F.2d 1363, 1369-70 (5th Cir. 1987).
[29] *Id.*

it appears Plaintiff is alleging that various actors conspired to falsify disciplinary reports against him, his conclusory allegations of conspiracy do not state a claim and should be dismissed.

### D.  Exercise of Supplemental Jurisdiction Should be Declined

To the extent that Plaintiff seeks to have the Court exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[30]  Having recommended that all Plaintiff's federal claims be dismissed, it is further recommended that the exercise of supplemental jurisdiction be declined.

### RECOMMENDATION

**IT IS RECOMMENDED** that the exercise of supplemental jurisdiction over potential state law claims be declined and that all federal claims brought in this suit by Plaintiff Andre Johnson be **DISMISSED WITH PREJUDICE** for failure to state a claim and/or as legally frivolous pursuant to 28 U.S.C. § 1915(e) and 1915A.[31]

Signed in Baton Rouge, Louisiana, on October 31, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[30] 28 U.S.C. § 1367.

[31] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  Should this Report and Recommendation be adopted, the Ruling in this matter will count as a strike.